(78 Misc. Rep. 368.)

### KAUFMAN v. COHN.

(Supreme Court, Appellate Term, First Department. December 6, 1912.)

1. COSTS (§ 32*)—AMOUNT AND ITEMS—APPEARANCE BY ATTORNEY—"FILED"—"WRITTEN NOTICE OF APPEARANCE."

Under Municipal Court Act (Laws 1902, c. 580) § 332, which allows costs to a prevailing party who appears by attorney and who files a verified pleading or a written notice of appearance, such costs are not allowable to such a party who entered no written appearance by attorney and whose pleadings were oral, as a memorandum containing the attorney's name and address, handed to the judge, but not becoming part of the record of the case was not a "filed" pleading, nor a "written notice of appearance"; rule 2, subd. "d," of the rules of the Municipal Courts, declaring that the indorsement of the name and address of an attorney on any paper in an action shall be an appearance within the meaning of such section, being merely an interpretation of the term "written notice of appearance," and not dispensing with the filing of such a notice as a prerequisite to the court's jurisdiction.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 108–132; Dec. Dig. § 32.*

For other definitions, see Words and Phrases, vol. 3, pp. 2764–2770.]

2. COURTS (§ 190*)—RECORD—QUESTIONS FOR REVIEW—COSTS.

Parties on an appeal from the allowance of costs are bound by the record; and a memorandum alleged to contain the name of the prevailing party and to be indorsed with his name, office, and post office address, not contained in the record, cannot be relied upon to show the court's jurisdiction to grant costs on appearance.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Max Kaufman against Joseph Cohn. From a judgment rendered in favor of plaintiff, defendant appeals. Modified and affirmed.

Argued November term, 1912, before LEHMAN, PAGE, and HOTCHKISS, JJ.

Meyer D. Siegel, of New York City, for appellant.
David L. Podell, of New York City, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

PER CURIAM.  [1, 2] The plaintiff has recovered a judgment for $175 damages and $19.40 costs and allowances.  We are agreed that the judgment for $175 damages is correct, and should be affirmed; but we find no authority for the inclusion of $15 costs.  The Municipal Court Act provides for the allowance of costs to the prevailing party "if he shall have appeared by an attorney at law *who files a verified pleading or a written notice of appearance.*"  While, in this case, the plaintiff appeared by attorney, the pleadings were oral, and the record shows no written appearance.  The plaintiff's attorney claims in his brief that he submitted to the trial court a memorandum, upon which his name and office and post office address were indorsed, and that this constituted a written notice of appearance under rule 2, subd. "d," of the rules of the Municipal Court.

Aside from the fact that the parties are bound by the record on appeal, and the record contains no such papers, and no such papers can, therefore, be relied upon to show the court's jurisdiction to grant costs, I think his contention is without merit.  The rule, providing merely that "the indorsement of the name and address of the attorney on the summons, pleading or any other paper in an action or proceeding shall be deemed an appearance within the meaning of section 332 of the Municipal Court Act," is merely an amplification or interpretation of that section, in so far as it describes what is required to constitute a "written notice of appearance."  It does not pretend, however, to go beyond this, and to increase the jurisdiction of the Municipal Court by dispensing with the "filing" of such a notice as a prerequisite to the court's jurisdiction.  A memorandum handed to a judge, and not becoming part of the record of the case, cannot be said to be filed.

Judgment should therefore be modified, by striking out the allowance of $15 costs, and, as modified, affirmed, with costs to the respondent.

